# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF OKLAHOMA

BOB O. PARRIS, )
)
      Plaintiff, )
)
vs. ) Case No. CIV-10-234-M
)
DREW EDMONDSON, Attorney )
General for the State of Oklahoma, )
)
      Defendant. )

## ORDER

Before the Court is defendant's Motion to Dismiss Plaintiff's Complaint, filed April 15, 2010. On April 20, 2010, plaintiff filed his response.

Pursuant to Federal Rule of Civil Procedure 12(b)(1) and (6), defendant moves to dismiss this action for failure to state a claim upon which relief can be granted and lack of subject matter jurisdiction. Plaintiff's Complaint provides:

> The Plaintiff, Bob O. Parris (Mr. Parris) is one of several thousand Americans with a hearing disability. Civil Rights legislation was passed in 1990, requiring the State of Oklahoma provide assist "Americans with Disabilities," Public Law 101-336, 42 U.S.C. § 12101, et seq.). In any Court Action in the U.S.A., a fair trial requires all parties and witnesses be provided assistance in hearing in order for them to participate in the legal process. Mr. Parris' rights were violated as follows:
>
> 1. On January 26th and 27th 2010, Mr. Parris was the Plaintiff in a two day trial. Not only did the Court not provide any assistance to Mr. Parris, the regular sound system did not work., causing the trial to go from maybe Mr. Parris might hear well enough to participate in the proceeding – To an impossible situation.
>
> 2. The Court should have stopped the proceedings and furnished Mr. Parris with a hearing person to assist him in finding out what the answers to his questions were, and what the defendants were asking witnesses, etc.

> WHEREFORE the above being true and correct, Mr. Parris asked this Court to order such relief as it feels justified under the circumstance.

Complaint [docket no. 1].

The United States Supreme Court has held:

> To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief.

*Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (internal quotations and citations omitted). Determining whether a complaint states a plausible claim for relief is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 1950. Further, "where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged - but it has not shown - that the pleader is entitled to relief." *Id.* (internal quotations and citations omitted).

Having carefully reviewed plaintiff's Complaint, the Court finds that plaintiff has not set forth sufficient factual matter, accepted as true, to state a claim to relief against defendant Drew Edmondson, the Attorney General for the State of Oklahoma, that is plausible on its face. Assuming that plaintiff is asserting a claim under Title II of the Americans With Disabilities Act ("ADA"), 42 U.S.C. §§ 12131-12165, the Court finds that plaintiff has failed to allege any facts which satisfy the elements of an ADA claim. Further, the Court finds that plaintiff has failed to allege any facts that would allow the Court to draw the reasonable inference that defendant is liable for the misconduct

alleged. In fact, plaintiff does not allege any facts which establish that defendant is responsible for plaintiff's access to a sound system during a trial in state court.

Accordingly, the Court GRANTS defendant's Motion to Dismiss Plaintiff's Complaint [docket no. 7] and DISMISSES this action.

**IT IS SO ORDERED this 27th day of May, 2010.**

VICKI MILES-LaGRANGE
CHIEF UNITED STATES DISTRICT JUDGE